NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000862
29-JUN-2018
09:41 AM

NOS. CAAP-17-0000862 AND CAAP-17-0000890

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CAAP-17-0000862
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

AND

CAAP-17-0000890
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-17-01026)


ORDER
CONSOLIDATING CASE NUMBERS CAAP-17-0000862 AND
CAAP-17-0000890 UNDER CASE NUMBER CAAP-17-0000862
AND
DISMISSING CONSOLIDATED APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record of district court criminal case number 3DTA-17-01026 for resulting appeals in appellate court case numbers CAAP-17-0000862 and CAAP-17-0000890, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016).

In CAAP-17-0000862, Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from (1) the May 22, 2017 Bench Warrant issued in 3DTA-17-01026 by the Honorable Margaret K. Masunaga, (2) the December 4, 2017 Order and Notice

of Entry of Order entered in 3DTA-17-01026 by the Honorable Peter Bresciani ordering Spinney to return to court for a further hearing, and (3) December 4, 2017 Order and Notice of Entry of Order entered in 3DTA-17-03584[1] by the Honorable Peter Bresciani ordering Spinney to return to court on December 5, 2017 for further arraignment and plea, all after Spinney's April 27, 2017 Notice of Appeal filed in 3DTC-17-01026.

In CAAP-17-0000890, Spinney appeals from the Honorable Margaret K. Masunaga's December 5, 2017 Order and Notice of Entry of Order in 3DTA-17-01026, noting that Spinney asserted the matter was on appeal and directing Spinney to return to district court on May 14, 2018, regarding the status of Spinney's appeal.

Both appeals arise out of the same underlying proceedings in district court criminal case number 3DTA-17-01026 involving five traffic offenses of which Spinney was convicted, a judgment and sentence was entered and from which conviction, judgment and sentence he previously appealed. Under these circumstances, consolidation and dismissal of these two appeals is warranted.

"A post-judgment order is appealable in its own right . . . if it meets the test of finality applicable to all judicial decisions." State v. Johnson, 96 Hawai'i 462, 469, 32 P.3d 106, 113 (App. 2001) (citation and internal quotation marks omitted). "A final order has been defined, albeit in the context of a civil case, as an order ending the proceedings, leaving nothing further to be accomplished." Id. (citation and internal quotation marks omitted). Thus, the Hawai'i Intermediate Court of Appeals has noted that a criminal "[d]efendant may . . . appeal from [an] order that disposes of [a] . . . motion for revocation of probation." Id. at 471, 32 P.3d at 115; see also, e.g., State v. Yamamoto, 79 Hawai'i 511, 514, 904 P2d 525, 528 (1995) (addressing an appeal from (1) a post-judgment order revoking

_____

[1] District Court Criminal Case number 3DTA-17-03584 pertains to a prosecution for Contempt of Court for failure to appear in court on May 22, 2017 in Criminal Case number 3DTA-17-01026.

probation and re-sentencing a defendant and (2) an order denying the defendant's subsequent motion to correct the new sentence). However, the bench warrant and orders Spinney designates in his notices of appeal, have not "end[ed] the proceedings, leaving nothing further to be accomplished." Absent such a final order, that disposes of pending proceedings in district court criminal case number 3DTA-17-01026, Spinney's appeal is premature and we lack appellate jurisdiction to review the May 22, 2017, December 4, 2017, and December 5, 2017 orders entered in that criminal case.

In 3DTA-17-03584, no final judgment or order has been entered. The December 4, 2017 Order and Notice of Entry of Order ordering Spinney to return to court on December 5, 2017 for further arraignment and plea designated in CAAP-17-0000862 is an interlocutory order filed before a final judgment has been entered. HRS § 641-12(a) provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure; State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). Therefore we lack appellate jurisdiction to review this order as well.[2]

In light of our lack of appellate jurisdiction over both appeals, IT IS HEREBY ORDERED that appellate court case numbers CAAP-17-0000862 and CAAP-17-0000890 are consolidated under appellate court case number CAAP-17-0000862. The appellate

---

[2] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).

court clerk shall file a copy of this order in appellate court case numbers CAAP-17-0000862 and CAAP-17-0000890.

IT IS FURTHER HEREBY ORDERED that the consolidated appeals in appellate court case number CAAP-17-0000862 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2018.

Chief Judge

Associate Judge

Associate Judge